UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KAPLAN**

-------------------------------------------------------------x

NATURAL RESOURCES DEFENSE COUNCIL, INC.,
and ENVIRONMENTAL DEFENSE,

**08 CV 1082**

Plaintiffs,

Civ. No. _____

- v. -

UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY,

Defendant.

-------------------------------------------------------------x

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTORY STATEMENT

1. Plaintiffs Natural Resources Defense Council, Inc. ("NRDC") and Environmental Defense ("ED") (collectively "Plaintiffs") assert violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *as amended*, by defendant United States Environmental Protection Agency ("EPA"), for refusing to disclose responsive records concerning EPA's December 19, 2007 announcement that it intended to deny a waiver, under Section 209(b) of the Clean Air Act, for California's standards for greenhouse gas ("GHG") emissions from new cars and light trucks, which California adopted to address the state's contributions to global warming.

2. Global warming will cause extraordinary harm to public health and natural resources across the United States and the world. Scientists predict that unless we curb global warming emissions, average U.S. temperatures could be 3 to 9 degrees higher by the end of the century. Such an increase in temperature will, among other effects, cause substantial disruption to agriculture and natural biota, increase the prevalence of drought across much of the American

1

West, exacerbate air pollution in urban areas, and may lead to substantial sea level rise and flooding of coastal areas.

3. Global warming is caused by emissions of greenhouse gases ("GHG") into the atmosphere. Vehicle emissions contribute a substantial portion of the greenhouse gas pollution emitted in the United States.

4. In response to the threat of global warming, the California Legislature adopted Assembly Bill 1493, which required the California Air Resources Board ("CARB") to develop and adopt a regulation for the control of GHG emissions by light-duty motor vehicles. On December 21, 2005, after CARB approved regulations limiting GHG emissions from motor vehicles, California applied to EPA for waiver of federal preemption under the Clean Air Act pursuant to 42 U.S.C. § 7543(b).

5. Pursuant to Clean Air Act § 177, 42 U.S.C. § 7507, at least twelve (12) states have adopted the California vehicle GHG emissions standards, and at least six (6) additional states are considering adopting them.

6. According to CARB's projections, if EPA grants California's waiver application and the vehicle GHG emissions standards are enforced in California, California's greenhouse gas emissions would be reduced by about 30 million metric tons in 2020. CARB further projects that, if the vehicle GHG emissions standards are enforced in the at least twelve other states that have already adopted them, the total 2020 reductions in GHG emissions would be approximately 74 million metric tons.

7. A reduction in greenhouse gas emissions will reduce the rate of global warming and the associated risks and magnitude of the adverse impacts of global warming.

8. On December 19, 2007, EPA Administrator Stephen L. Johnson announced that EPA intended to deny California's waiver request in a letter to Arnold Schwarzenegger, Governor of California.

9. On December 20, 2007, NRDC submitted a FOIA request to EPA, seeking records relating to the California waiver request.

10. On December 27, 2007, ED submitted a FOIA request to EPA, seeking records relating to the California waiver request.

11. EPA has failed to provide any records in response to either NRDC's or ED's FOIA requests, and EPA has otherwise failed to provide either NRDC or EA with an adequate response to their requests.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action, and venue is proper in this district, pursuant to 5 U.S.C. § 552(a)(4)(B), in that Plaintiffs maintain their principal places of business in this district.

## PARTIES

13. Plaintiff NRDC is a national, not-for-profit membership corporation with its principal place of business in New York, New York. Founded in 1970, NRDC represents more than 420,000 members and activists nationwide, including more than 79,000 members who live in California. NRDC's membership and staff of lawyers, scientists, and other environmental specialists have a longstanding interest in working to address threats to human health and the environment posed by air pollution and global warming. NRDC actively worked to ensure passage of Assembly Bill 1493, as well as to support CARB's implementation of effective vehicle GHG emissions standards and the adoption of those standards by other states.

14. Plaintiff ED is a national, not-for-profit corporation with its principal place of business in New York, New York. ED has over 340,000 members nationally and over 60,000 members in California. ED specializes in the development of innovative, scientifically-sound, market-based solutions to environmental problems. Through its Climate and Air Program, ED works expansively on the international, national, and state levels to address the causes and effects of global warming. ED supported the adoption of vehicle GHG emissions standards in California as part of its State Climate Action Project.

15. Plaintiffs both routinely use FOIA to obtain information from federal agencies, which Plaintiffs' legal and scientific experts analyze in order to inform their members and the public about a variety of issues including endangered species, drinking water quality, energy policy, urban air pollution, pesticide regulation, climate change, and nuclear weapons. Plaintiffs both regularly convey important information to their members and the public by way of publications and press releases, as well as by releasing to the public information and documents obtained through FOIA requests.

16. Plaintiffs bring this action on their own behalf and on behalf of their members. Plaintiffs and their members have been and continue to be injured by EPA's failure to provide responsive records. The requested relief will redress these injuries.

17. Defendant EPA is a federal agency within the meaning of FOIA and has possession or control of records that NRDC seeks in this action.

**STATUTORY FRAMEWORK**

18. FOIA requires agencies of the federal government to release, upon request, information to the public, unless one of nine specific statutory exemptions applies. 5 U.S.C.

§ 552(a)(3)(A). These exemptions are narrowly construed, and the agency bears the burden of establishing the applicability of each exemption as to each document for which it is claimed.

19. Upon receiving a FOIA request, an agency has twenty working days to respond by determining whether responsive documents exist and whether the agency will release them. 5 U.S.C. § 552(a)(6)(A). If the agency denies the FOIA request, the requester is entitled to appeal the determination within thirty days. FOIA requires the agency to make a determination with respect to an appeal within twenty working days. 5 U.S.C. § 552(a)(6)(A)(ii).

20. FOIA does not permit an agency to delay an initial response or an appeal determination for longer than ten working days past the statutory deadline, and then only if the agency can demonstrate that it faces "unusual circumstances." 5 U.S.C. § 552(a)(6)(B). "Unusual circumstances" include the need to search for and collect requested documents from other offices, the need to appropriately examine a voluminous amount of separate and distinct records, and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I-III).

21. A requester is entitled to a waiver of fees associated with responding to a FOIA request when the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

22. When an agency denies, in whole or in part, a request for records under FOIA, the agency must make a "reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request." 5 U.S.C. § 552(a)(6)(F).

23.    FOIA expressly provides that a requester "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions" governing its response to a FOIA request or an appeal. 5 U.S.C. § 552(a)(6)(C).

## STATEMENT OF FACTS

### A.    EPA's Announcement of Waiver Decision

24.    On December 21, 2005, the Executive Director of CARB, Catherine Witherspoon, submitted to EPA on behalf of the State of California a request that EPA grant California a waiver under Section 209(b) of the Clean Air Act to enforce CARB's standards for greenhouse gas ("GHG") emissions from new cars and light trucks.

25.    On December 19, 2007, EPA Administrator Stephen L. Johnson announced that EPA intended to deny California's waiver request in a letter to Arnold Schwarzenegger, Governor of California.

### B.    NRDC's FOIA Request

26.    On December 20, 2007, NRDC submitted a FOIA request with EPA, requesting all records, and only those records, concerning the California waiver request that were in existence as of midnight Eastern time on December 19, 2007. The request specifically included, but was not limited to, the following: (a) all records relating to options for decisions on the California waiver request; (b) all records relating to legal risks or potential litigation outcomes concerning such options; and (c) all records relating to the agency's interpretation of "compelling and extraordinary conditions" under Clean Air Act section 209(b), including prior interpretations of this term.

27.    NRDC's December 20, 2007 FOIA request defined the term "records" to "mean anything denoted by the use of that word or its singular form in the text of FOIA. In particular,

6

the term includes, but is not limited to, all writings (handwritten, typed, electronic, or otherwise produced, reproduced, or stored) including, but not limited to, correspondence, minutes of meetings, memoranda, notes, e-mails, notices, facsimiles, charts, tables, presentations, orders, and filings."

28. NRDC's December 20, 2007 FOIA request stated that, "[t]o the extent that records responsive to this request were already available in the public docket in the matter of California State Motor Vehicle Pollution Control Standards - Request for Waiver of Preemption Under Clean Air Act Section 209(b) for Greenhouse Gas Emissions, EPA-HQ-OAR-2006-0173, as of midnight Eastern time on December 19, 2007," EPA was requested to "identify such records, but EPA need not supply such records separately."

29. NRDC's December 20, 2007 FOIA request to EPA also included a request that EPA waive the fee that it would otherwise charge to search for and produce responsive records. NRDC claimed entitlement to a fee waiver pursuant to FOIA because "disclosure of the information is in the public interest[,] because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest" of NRDC. 5 U.S.C. § 552(a)(4)(A)(ii)(II). NRDC provided EPA with material substantiating its entitlement to a fee waiver for its request.

C.  **EPA's Failure to Provide an Adequate Response to NRDC's FOIA Request**

30. On December 26, 2007, EPA sent a letter to NRDC, notifying NRDC that it was granting it a fee waiver pursuant to FOIA with respect to NRDC's December 20, 2007 request.

31. Under FOIA and EPA regulations, EPA was obligated to respond to NRDC's December 20, 2007 FOIA request on or before January 19, 2008.

7

32. To date, other than the letter regarding NRDC's fee waiver request, EPA has not responded in writing to NRDC's December 20, 2007 FOIA request. EPA has not informed NRDC of the number of documents in EPA's possession that are responsive to NRDC's December 20, 2007 FOIA request. EPA has not produced any documents nor asserted that any documents are being withheld under one of the FOIA exemptions.

**D.    ED's FOIA Request**

33. On December 27, 2007, ED submitted a FOIA request with EPA, requesting all records in the following categories:

   (a) Any document that purports to be and explains and justifies any final decision of the Administrator relating to the request by California for a waiver under CAA Section 209(b) of its California rule;

   (b) All documents that support or describe the method that the Administrator or his staff used in concluding that the California rule would achieve a fleet-wide average of 33.8 mpg in 2016 if its standards for gasoline-powered PC/LDT1s and LDT2s were converted from CO2 equivalents to mpg, including the specification of the model year, fleet mix for that model year between those two categories and grams of carbon per MBTU that were used and documents that include similar calculations using post-2002 model years 2003, 2004, 2005, 2006 and 2007;

   (c) All documents that assess and compare the GHG reduction and other environmental and health benefits or impacts of a) a national mpg standard that the Energy Independence and Security Act mandates, b) the California rule with its adoption by other states in accordance with Section 177 of the CAA and c) a

8

national standard combined with the California rule for model years 2009-2016 and 2020;

(d) All documents that describe, assess and compare the GHG emission reductions and associated public health and welfare impacts of a) the national GHG emission standard or standards to which the Administrator refers in his December 19, 2007 letter and b) the California rule for model years 2009, 2010, 2011, 2012, 2013, 2014, 2015 and 2016, the model years for which California has adopted GHG emission standards and has requested a waiver;

(e) All documents that deal with and present evidence relating to whether the California rule is at least as protective of public health and welfare as any federal rule pertaining to emissions of GHGs and that support findings by the Administrator, if any, relating to the protectiveness waiver factor in Section 209(b);

(f) All documents that deal with and present evidence relating to the technological feasibility and economic practicability of compliance by auto makers with the GHG emission standards of the California rule and that support findings by the Administrator, if any, relating to the third waiver factor set forth in Section 209(b) of the CAA;

(g) All documents, including staff-generated documents, that describe or assess the scope and magnitude of likely impact of global warming on a) California's municipal and agricultural water supply system and its snow pact, b) the frequency, occurrence and magnitude of wildfires proximate to urban and suburban areas, c) urban ozone concentrations and d) erosion of the State's coast

line and coastal resources and the vulnerability of California's water supply system, air quality and coastal resources to global warming;

(h) All staff-generated documents that relate to, support or disagree with the finding of the Administrator that California "does not need such state standards to meet compelling and extraordinary conditions," the waiver factor described in CAA Section 209(b)(1)(B);

(i) All staff-generated documents that relate to assessments that CO2 and other GHG emissions from motor vehicles in the United States are or are not reasonably anticipated to adversely affect public health and welfare;

(j) All documents, including staff-generated and Administrator-generated documents, that support any decision of the Administrator that motor vehicle CO2 and other GHG emissions do not and are not reasonably anticipated to adversely affect public health and welfare;

(k) All documents, including staff-generated documents, that relate to, support, justify or oppose the proposal and promulgation of federal motor vehicle CO2 and other GHG emission standards pursuant to Section 202 of the CAA;

(l) All documents, including staff-generated and Administrator-generated documents, that support any decision of the Administrator not to propose and promulgate federal motor vehicle CO2 and other GHG emission standards pursuant to Section 202 of the CAA assessment of such action;

(m) All documents that explain or describe how EPA actions relating to motor vehicle GHG emissions is fulfilling its 'statutory obligation wholly independent of DOT's mandate to promote energy efficiency" to protect the publics health and welfare

as articulated by the US Supreme Court in its decision of April 2, 2007 in Commonwealth of Massachusetts v. EPA;

(n) All documents that describe the rationale for, support or oppose any decision or action of the Administrator to transfer to the US Department of Transportation responsibility to set federal motor vehicle GHG emission standards under the Energy Independence and Security Act of 2007 as described in the letter from the Administrator to Governor Arnold Schwarzenegger dated December 19, 2007;

(o) Any documents and emails a) from the Administrator or any other EPA employee to any employee of the Executive Office of the President, including but not limited to the Office of Management and Budget and the Council on Environmental Quality, or any employee of the Office of the Vice President or b) from any such employee of the Executive Office of the President or Vice President to the Administrator or any other employee or employees of EPA pertaining to subparagraphs (g) through (n) above;

(p) Copies of all documents furnished to NRDC pursuant to its December 20, 2007 FOIA request.

34.  ED's December 27, 2007 FOIA request defines the term "documents" to include "memoranda, studies, reports and other written materials."

35.  ED's December 27, 2007 FOIA request stated that, "[t]o the extent that records responsive to this request were already available in the public docket in the matter of California State Motor Vehicle Pollution Control Standards - Request for Waiver of Preemption Under Clean Air Act Section 209(b) for Greenhouse Gas Emissions, EPA-HQ-OAR-2006-0173, as of

11

midnight Eastern time on December 19, 2007," EPA was requested to "identify such records, but EPA need not supply such records separately."

36.   ED's December 27, 2007 FOIA request to EPA also included a request that EPA waive the fee that it would otherwise charge to search for and produce responsive records. ED claimed entitlement to a fee waiver pursuant to FOIA because "disclosure of the information is in the public interest[,] because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest" of ED. 5 U.S.C. § 552(a)(4)(A)(ii)(II). ED provided EPA with material substantiating its entitlement to a fee waiver for its request.

### E.   EPA's Failure to Provide an Adequate Response to ED's FOIA Request

37.   Under FOIA and EPA regulations, EPA was obligated to respond to ED's December 27, 2007 FOIA request on or before January 29, 2008.

38.   To date, EPA has not responded to ED's December 27, 2007 FOIA request. EPA has not informed NRDC of the number of documents in EPA's possession that are responsive to ED's December 27, 2007 FOIA request. EPA has not produced any documents nor asserted that any documents are being withheld under one of the FOIA exemptions. EPA has not responded to ED's request for a fee waiver.

### CLAIMS FOR RELIEF

#### First Claim for Relief (NRDC FOIA Request)

39.   Plaintiffs reallege and incorporate the allegations of all the preceding paragraphs of this Complaint as if fully set forth herein.

40. By failing to provide all records responsive to NRDC's December 20, 2007 FOIA request, EPA has violated FOIA's mandate to release agency records to the public. 5 U.S.C. § 552(a)(6).

41. NRDC is entitled to obtain the requested records immediately at no cost.

### Second Claim for Relief (ED FOIA Request)

42. Plaintiffs reallege and incorporate the allegations of all the preceding paragraphs of this Complaint as if fully set forth herein.

43. By failing to provide all records responsive to ED's December 27, 2007 FOIA request, EPA has violated FOIA's mandate to release agency records to the public. 5 U.S.C. § 552(a)(6).

44. Under FOIA, EPA is required to grant ED's request for a fee waiver with respect to its December 27, 2007 FOIA request, because the information sought "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

45. ED is entitled to obtain the requested records immediately at no cost.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that this Court enter a judgment:

(1) declaring that Defendant has violated FOIA by failing to provide all records responsive to Plaintiffs' respective FOIA requests;

(2) ordering that Defendant make all the requested records available to Plaintiffs at no cost within twenty days;

(3) awarding Plaintiffs their litigation costs and reasonable attorneys' fees in this action; and

(4) ordering such other relief as the Court may deem just and proper.

Dated: February 1, 2008
New York, NY

                    Respectfully submitted,

                    */s/ Mitchell S. Bernard*
                    Mitchell S. Bernard (MB 5823)
                    Natural Resources Defense Council
                    40 West 20th Street
                    New York, NY 10011
                    Phone: (212) 727-2700
                    Fax: (212) 727-1773

                    Thomas Cmar (TC 8791)
                    Natural Resources Defense Council
                    1200 New York Ave., N.W., Ste. 400
                    Washington, DC 20005
                    Phone: (202) 289-2405
                    Fax: (202) 289-1060

                    James T.B. Tripp
                    Environmental Defense
                    257 Park Avenue South
                    New York, NY 10010
                    Phone: (212) 505-2100
                    Fax: (212) 505-2375

                    Counsel for Plaintiffs