MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MARA E. TRAGER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2799
Facsimile: (212) 627-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                              :

NATURAL RESOURCES DEFENSE COUNCIL, :
INC., and ENVIRONMENTAL DEFENSE,   :
                              :

               Plaintiffs,   :     08 Civ. 1082 (LAK)
                              :
   – against –               :
                              :     <u>ANSWER</u>
UNITED STATES ENVIRONMENTAL    :
PROTECTION AGENCY,         :
                              :
              Defendant.   :
------------------------------------------------------------ x

      Defendant the United States Environmental Protection Agency ("EPA" or "the

Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern

District of New York, answers plaintiffs' Complaint for Declaratory and Injunctive Relief (the

"complaint") on information and belief as follows:

1.      Neither admits nor denies the allegations contained in paragraph 1 of the complaint, as

       they constitute plaintiffs' characterization of this action to which no response is required.

       To the extent a response is required, the Government denies the allegations in this

paragraph.

2.    Neither admits nor denies the allegations contained in paragraph 2 of the complaint

because they contain terms that are too vague and ambiguous for purposes of formulating

a response.  The EPA further responds by respectfully directing the Court to its website,

http://www.epa.gov/climatechange and to its Notice of Decision on the California GHG

Emission Standards for Motor Vehicles Waiver Request, (73 F.R. 12156 March 6, 2008)

which discuss, *inter alia*, what is known about climate change, how greenhouse gas

emissions contribute to climate change, and the effects of global climate change.

3.    Neither admits nor denies the allegations contained in paragraph 3 of the complaint

because they contain terms that are too vague and ambiguous for purposes of formulating

a response.  The EPA further responds by respectfully directing the Court to its website,

http://www.epa.gov/climatechange and to its Notice of Decision on the California GHG

Emission Standards for Motor Vehicles Waiver Request, (73 F.R. 12156 March 6, 2008)

which discuss, *inter alia*, what is known about climate change, how greenhouse gas

emissions contribute to climate change, and the effects of global climate change.

4.    Neither admits nor denies the first sentence of  paragraph 4 of the complaint, as it

constitutes plaintiffs' characterization of California law to which no response is required.

The EPA denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the second sentence of paragraph 4 of the complaint except

that it avers that on or about December 21, 2005, it received a request from the State of

California for a waiver of federal preemption under the Clear Air Act.

5.    Neither admits nor denies the allegations contained in paragraph 5 of the complaint, as

they constitute plaintiffs' characterization of law to which to response is required.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.    Neither admits nor denies the allegations contained in paragraph 7 of the complaint because they contain terms too vague and ambiguous for purposes of formulating a response.  The EPA further responds by respectfully directing the Court to its website, http://www.epa.gov/climatechange and to its Notice of Decision on the California GHG Emission Standards for Motor Vehicles Waiver Request, (73 F.R. 12156 March 6, 2008) which discuss, *inter alia*, what is known about climate change, how greenhouse gas emissions contribute to climate change, and the effects of global climate change.

8.    Admits the allegations contained in paragraph 8 of the complaint.

9.    Admits the allegations contained in paragraph 9 of the complaint.

10.    Admits the allegations contained in paragraph 10 of the complaint.

11.    Denies the allegations contained in paragraph 11 of the complaint, except that admits that the EPA has not provided any records to plaintiffs, and further avers that, for the purposes of determining the appropriateness of any delay in responding to plaintiffs' FOIA requests, the EPA faces "unusual circumstances" under 5 U.S.C. §552(a)(6)(B).

12.    Neither admits nor denies the allegations contained in paragraph 12 of the complaint regarding jurisdiction and venue as they constitute conclusions of law to which no response is required.  The EPA denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 14 of the complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 15 of the complaint.

16.    Neither admit nor deny the allegations contained in paragraph 16 of the complaint, as

they constitute plaintiffs' characterization of this action to which no response is required.

To the extent a response is required, the Government denies the allegations in this

paragraph.

17.    Admits the allegations contained in paragraph 17 of the complaint.

18.    Neither admits nor denies the allegations contained in paragraph 18 of the complaint, as

they constitute conclusions of law to which no response is required.

19.    Neither admits nor denies the allegations contained in paragraph 19 of the complaint, as

they constitute conclusions of law to which no response is required.

20.    Neither admits nor denies the allegations contained in paragraph 20 of the complaint, as

they constitute conclusions of law to which no response is required.

21.    Neither admits nor denies the allegations contained in paragraph 21 of the complaint, as

they constitute conclusions of law to which no response is required.

22.    Neither admits nor denies the allegations contained in paragraph 22 of the complaint, as

they constitute conclusions of law to which no response is required.

23.    Neither admits nor denies the allegations contained in paragraph 23 of the complaint, as

they constitute conclusions of law to which no response is required.

24.    Denies the allegations contained in paragraph 24 of the complaint, except admits that on

or about December 21, 2005, the California Air Resources Board ("CARB") submitted a

request for a waiver (the "Waiver Request") of federal preemption under the Clean Air

Act, and respectfully refers the Court to the Waiver Request for its full and complete content.

25.  Denies the allegations contained in paragraph 25 of the complaint, except admit that EPA Administrator Stephen L. Johnson informed the State of California by letter dated December 19, 2007 that the EPA intended to deny the Waiver Request, and respectfully refers the Court to the letter for its full and complete content.

26.  Denies the allegations contained in paragraph 26 of the complaint, except avers that EPA received a request under the Freedom of Information Act from plaintiff National Resources Defense Council ("NRDC") on or about December 20, 2007, and respectfully refers the Court to that request for its full and complete content.

27.  Denies the allegations contained in paragraph 27 of the complaint, except avers that EPA received a request under the Freedom of Information Act from plaintiff NRDC on or about December 20, 2007, and respectfully refers the Court to that request for its full and complete content.

28.  Denies the allegations contained in paragraph 28 of the complaint, except avers that EPA received a request under the Freedom of Information Act from plaintiff NRDC on or about December 20, 2007, and respectfully refers the Court to that request for its full and complete content.

29.  Denies the allegations contained in paragraph 29 of the complaint, except avers that EPA received a request under the Freedom of Information Act from plaintiff plaintiff NRDC on or about December 20, 2007, and respectfully refers the Court to that request for its full and complete content.

30.  Admits the allegations contained in paragraph 30 of the complaint.

31.   Neither admits nor denies the allegations contained in paragraph 31 of the complaint, as they constitute conclusions of law to which no response is required.

32.   Admits the allegations contained in paragraph 32 of the complaint and avers that EPA faces "unusual circumstances" within the meaning of 5 U.S.C. §552(a)(6)(B), which have affected the timing of its response to NRDC's December 20, 2007 request.

33.   Denies the allegations contained in paragraph 33 of the complaint, except avers that EPA received a request under the Freedom of Information Act from plaintiff Environmental Defense ("ED") on or about December 28, 2007, and respectfully refers the Court to that request for its full and complete content.

34.   Denies the allegations contained in paragraph 34 of the complaint, except avers that EPA received a request under the Freedom of Information Act from plaintiff ED on or about December 28, 2007, and respectfully refers the Court to that request for its full and complete content.

35.   Denies the allegations contained in paragraph 35 of the complaint, except avers that EPA received a request under the Freedom of Information Act from plaintiff ED on or about December 28, 2007, and respectfully refers the Court to that request for its full and complete content.

36.   Denies the allegations contained in paragraph 36 of the complaint except avers that EPA received a request under the Freedom of Information Act from plaintiff ED on or about December 28, 2007 and respectfully refers the Court to that request for its full and complete content.

37.   Neither admits nor denies the allegations contained paragraph 37 of the complaint, as they constitute conclusions of law to which no response is required.

38.   Admits the allegations contained in paragraph 38 of the complaint and avers that EPA faced "unusual circumstances" within the meaning of 5 U.S.C. §552(a)(6)(B), preventing it from responding to ED's request dated December 27, 2007.

39.   Repeats and realleges the responses contained in paragraphs 1 through 38 as if set forth fully herein.

40.   Denies the allegations contained in paragraph 40 of the complaint.

41.   Denies the allegations contained in paragraph 41 of the complaint.

42.   Repeats and realleges the responses contained in paragraphs 1 through 41 as if set forth fully herein

43.   Denies the allegations contained in paragraph 43 of the complaint.

44.   Denies the allegations contained in paragraph 44 of the complaint.

45.   Denies the allegations contained in paragraph 45 of the complaint..

Neither admits nor denies the allegations in paragraph of the complaint titled "prayer for relief" because they constitute conclusions of law and/or plaintiffs' characterization of the damages they seek in this action, to which no response is deemed necessary.  To the extent a response is required, the Government denies that plaintiffs are entitled to this relief.

DEFENSES

FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

The Court lacks subject matter over plaintiffs' requests for relief that exceeds the relief authorized under FOIA, 5 U.S.C. § 552.

7

THIRD DEFENSE

The Court lacks subject matter to the extent that plaintiffs failed to exhaust administrative remedies.

FOURTH DEFENSE

Certain documents in this action were properly withheld pursuant to 5 U.S.C. § 552 (b).

FIFTH DEFENSE

There is no provision under FOIA for obtaining declaratory relief.

SIXTH DEFENSE

"Unusual circumstances" within the meaning of 5 U.S.C. §552(a)(6)(B), have prevented EPA from responding to plaintiffs' requests.


WHEREFORE, defendant demands judgment dismissing the complaint and granting such other and further relief as this Court deems proper, including costs and disbursements.


Dated: New York, New York
       March 7, 2008


                    MICHAEL J. GARCIA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for Defendant


        By:    MARA E. TRAGER
               Assistant United States Attorney
               86 Chambers Street
               New York, New York 10007
               Tel.: (212) 637-2799
               Fax:  (212) 637-2702
               mara.trager@usdoj.gov

                          8

<u>CERTIFICATE OF SERVICE</u>

I, Mara E. Trager, an Assistant United States Attorney for the Southern District of New York, hereby certify that on March 7, 2008, I caused a copy of the foregoing Answer to be served upon the following by regular mail, delivery charges pre-paid:

Mitchell S. Bernard
Natural Resources Defense Council
40 W. 20th St.
New York, NY 10011

Thomas Cmar
Natural Resources Defense Council
1200 New York Ave., N.W., Ste 400
Washington, D.C. 20005

James T. B. Tripp
Environmental Defense
257 Park Avenue South
New York, NY 10010


Dated:          March 7, 2008
                New York, New York


                                        MARA E. TRAGER