UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
NATURAL RESOURCES DEFENSE COUNCIL, INC.,
and ENVIRONMENTAL DEFENSE,

      Plaintiffs,

- v. -

UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY,

      Defendant.
------------------------------------------------------------------x

08-cv-1082 (LAK)

**Joint Scheduling Conference Report and Proposed Schedule**

Plaintiffs Natural Resources Defense Council ("NRDC") and Environmental Defense ("ED"), and Defendant United States Environmental Protection Agency ("EPA"), through the undersigned counsel, hereby submit this Joint Scheduling Conference Report Pursuant to Rule 26(f), in anticipation of the conference on May 2, 2008. Plaintiffs bring this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The parties have agreed on a proposed schedule in this matter, including the timetable for the EPA to 1) provide a list of all withheld documents, 2) identify the exemptions claimed for all withheld documents, 3) produce any non-exempt portions of documents, and 4) provide 10% sample <u>Vaughn</u> indices (the contents of which are still being discussed by the parties).

    a) **Synopsis of main claims and defenses.**

NRDC and ED submitted requests under FOIA to EPA on December 20 and 27, 2007, respectively. Plaintiffs contend that the EPA is obligated under FOIA to release

documents to it that are responsive to its requests. The Government contends that some of the responsive documents are exempt from disclosure under 5 U.S.C. § 552(b).

      b) **Brief description of the key legal issues.**

The main issue in this case will be whether the documents withheld by the EPA are exempt from disclosure under FOIA.

      c) **Status of document disclosure and proposed schedule for further disclosure.**

The EPA has provided Plaintiffs with some documents responsive to their requests. Plaintiffs have received approximately 5000 pages of documents and EPA will send to Plaintiffs within the next week 4000 more pages of documents. All, or nearly all, of these documents were previously provided to Congress in response to Congressional requests. The EPA has internally identified an additional 4100 documents responsive to NRDC's request, which it has not yet produced. EPA believes that some or all of these documents, or parts thereof, are exempt from disclosure under FOIA.

Of these additional 4100 documents, approximately 2100 documents are also responsive to a FOIA request by the State of California (not a party to this lawsuit), submitted to EPA on December 27, 2007. The State of California filed a lawsuit in the Northern District of California seeking production of these documents, and a motion to compel a <u>Vaughn</u> index is currently pending in that case. The remaining 2000 documents, which are responsive to NRDC's request, but not responsive to the State of California's request, consist primarily of internal EPA emails.

Plaintiffs and EPA have agreed on the following schedule for production of documents and indices of withheld documents, with respect to the approximately 4100 documents responsive to NRDC's request that have not yet been produced:

2

1. With respect to the approximately 2100 documents responsive to both NRDC's request and the State of California's request, EPA will:

    a. **On or before May 23**, complete its review and processing of the documents and produce to Plaintiffs any non-exempt documents.

    b. **On or before May 30**, provide to Plaintiffs a list of all records, within this group of 2100, that EPA has withheld, in whole or in part. Each record will be identified by a unique identification number and a brief description (consisting of, at a minimum, author, recipients, date, subject/title, to the extent such information is available and to the extent the information itself is not exempt).

    c. **On or before June 23**, provide to Plaintiffs a "10% sample" Vaughn index of the withheld records, as defined below.

2. With respect to the approximately 2000 documents responsive to NRDC's request, but not responsive to the State of California's request (*i.e.* internal EPA emails):

    a. **On or before May 9,** EPA will provide to Plaintiffs a list of all the approximately 2000 documents in this group. Each record will be identified by a unique identification number and a brief description (consisting of, at a minimum, author, recipients, date, subject/title, to the extent such information is available and to the extent the information itself is not exempt).

    b. **On or before May 16,** Plaintiffs will identify approximately 200 documents from EPA's list for review prior to the others.

    c. **On or before June 16**, EPA will complete its review and processing of the approximately 200 documents that Plaintiffs identify and produce to Plaintiffs any non-exempt documents.

    d. **On or before July 20**, EPA will complete its review and processing of the remaining approximately 1800 documents and produce to Plaintiffs any non-exempt documents.

    e. **On or before July 27**, EPA will provide to Plaintiffs a list of all records, within this group of approximately 2000, that EPA has withheld, in whole or in part. Each record would be identified by a unique identification number and a brief description (consisting of, at a minimum, author, recipients, date, subject/title, to the extent such information is available and to the extent the information itself is not exempt).

      f. **On or before September 12**, EPA will provide to Plaintiffs a "10% sample" Vaughn index of the withheld records, as defined below.

3. A Vaughn index is a document "itemizing and indexing [documents withheld] that would correlate statements made in the Government's refusal justification with the actual portions of the document." Vaughn v. Rosen, 484 F.2d, 820, 827 (D.C. Cir. 1973). The parties understand a "10% sample" Vaughn index, as used above, to be a Vaughn index in which the particularized explanation for the applicability of a claimed exemption is provided for every 10th withheld (or partially withheld) document. The claimed exemption(s), however, would be provided for each withheld (or partially withheld) document.

4. The parties have not yet agreed on the contents of the 10% sample Vaughn indices and will meet and confer in July to discuss how best to proceed. If the parties cannot agree, they will seek to involve the Court to resolve any dispute at that time.

5. By agreeing on a proposed schedule that includes a "10% sample" Vaughn index and describes its parameters, Plaintiffs do not concede that an index provided in accordance with this agreement is legally sufficient. Plaintiffs explicitly reserve their rights to object to the sample Vaughn index provided and to demand either a supplemental sample or a full Vaughn index. EPA similarly reserves its right to continue to maintain that the "10% sample" Vaughn is legally sufficient.

6. Should the resolution of the State of California's motion to compel, pending in the Northern District of California, require EPA to provide documents or indices earlier than in the schedule proposed above in part 1, EPA will provide those documents and indices within two business days of the date they are produced to the State of California. Should the resolution of the State of California's motion to compel require EPA to comply with a schedule that will prevent it from being able to meet the deadlines described above, EPA may seek to renegotiate these deadlines with Plaintiffs.

ED's request overlaps with NRDC's, but also includes additional categories of records. The parties are discussing these additional categories and attempting to clarify their scope. The parties will submit a schedule for production of documents responsive to ED's request (but not responsive to NRDC's request) and indices of withheld documents as soon as the parties agree on such a schedule.

4

d) **<u>Discovery.</u>**

The parties do not anticipate the need for discovery in this case, but reserve the right to seek discovery under appropriate circumstances.

e) **<u>Status of settlement negotiations</u>**

The parties are willing to discuss settlement of this case. Any meaningful settlement discussions, however, likely cannot occur until EPA completes its production of responsive documents and provides its justifications for withheld documents.

f) **<u>Case management</u>**

The parties do not anticipate any motions to add parties, to amend the pleadings, or to transfer venue.

The parties anticipate that this case will be resolved on cross-motions for summary judgment. Several variables affect the schedule for such resolution: (1) EPA's determination of which documents will be withheld, and on what bases; and (2) the parties' clarification of the scope of ED's request and the yet-to-determined schedule for production of responsive documents and an index of withheld documents. Because of these variables, the parties request that the Court not set a deadline for dispositive motions at this time, in order to allow the parties the opportunity to negotiate a schedule.

Dated: April 30, 2008
New York, NY


Respectfully submitted,

/s/
Aaron M. Bloom (AB 1977)
Mitchell S. Bernard (MB 5823)
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
Phone: (212) 727-2700
Fax: (212) 727-1773

Thomas Cmar (TC 8791)
Natural Resources Defense Council
1200 New York Ave., N.W., Ste. 400
Washington, DC 20005
Phone: (202) 289-2405
Fax: (202) 289-1060

Counsel for Plaintiffs


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States

By:___/s/_____
Mara E. Trager
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2799
Fax: (212) 637-2702